UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
AMY MEISNER,

                Plaintiff,

    -against-

515 WEST 47TH STREET LLC AND MUSE COFFEE
ROASTERS, INC.,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Docket: 1:22-cv-02315
(JPO)(GWG)

CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Any party may designate documents or information exchanged or produced in connection with this action as "CONFIDENTIAL," either by notation on each page of the document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

    2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

    3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any

party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.

8. Extracts and summaries of Confidential Information shall also be treated as Confidential in accordance with the provisions of this Stipulation and Order.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. Nothing in this Order shall preclude a party offering information subject to this confidentiality Order into evidence or from using any such information in the course of examining or cross-examining any witness at the trial of this action or during a deposition conducted in this action. Any witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

12. All depositions shall presumptively be treated as Confidential and subject to this

Stipulation and Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen (15) day period, the deposition or portions thereof shall be classified appropriately.

13. This Order shall survive the termination of the litigation. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. The party from which the Confidential Information is sought shall (a) give written notice via email to counsel for the party that produced the Confidential Information within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the producing party five (5) business days to object to the production of such Confidential Information, if the producing party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation and Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

15. Irrespective of any designation as Confidential, Confidential Information does not include information which is (i) in the public domain, (ii) available on a non-confidential basis or, (iii) becomes available on a non-confidential basis from a source other than the persons subject to this Order, provided that such source is not known by the receiving party to be bound by any duty to the designating party to keep such information confidential.

16. The provisions of this Stipulation and Order shall also apply to information and documents provided by any non- parties in connection with this action.

17. A party may designate as Confidential subject to this Stipulation and Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents and testimony shall be treated as Confidential.

18. This Stipulation and Order may be changed by further order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO STIPULATED AND AGREED.

Dated: December 7, 2022

| PARKER HANSKI LLC | SOLOMON & TANENBAUM, P.C. |
|---|---|
| By: _____ <br> Robert G. Hanski, Esq. <br> 40 Worth Street, Suite 602 <br> New York, New York 10013 <br> Tel: (212) 248-7400 <br> rgh@parkerhanski.com <br> *Attorneys for Plaintiff* | By: _____ <br> Steven R. Tanenbaum, Esq. <br> 707 Westchester Avenue, Suite 205 <br> White Plains, New York 10604 <br> Tel: (914) 289-0800 <br> stanenbaum@cstpc.com <br> *Attorneys for Defendant 515 West 47th Street LLC* |

**SCOOLIDGE PETERS RUSSOTTI & FOX LLP**

By: _____
Kelly P. Peters, Esq.
2 Park Avenue, 20th Floor
New York, New York 10016
Tel: (212) 729-7708
kelly@sprfllp.com
*Attorneys for Defendant Muse Coffee Roasters, Inc.*

Dated: New York, New York December 15, 2022         SO ORDERED.

_____
J. PAUL OETKEN
United States District Judge

SO STIPULATED AND AGREED.

Dated: December 7, 2022

PARKER HANSKI LLC

By:_____
Robert G. Hanski, Esq.
40 Worth Street, Suite 602
New York, New York 10013
Tel: (212) 248-7400
rgh@parkerhanski.com
*Attorneys for Plaintiff*

SOLOMON & TANENBAUM, P.C.

By:_____
Steven R. Tanenbaum, Esq.
707 Westchester Avenue, Suite 205
White Plains, New York 10604
Tel: (914) 289-0800
stanenbaum@cstpc.com
*Attorneys for Defendant 515 West 47th Street LLC*

SCOOLIDGE PETERS RUSSOTTI & FOX LLP

By:_____
Kelly P. Peters, Esq.
2 Park Avenue, 20th Floor
New York, New York 10016
Tel: (212) 729-7708
kelly@sprfllp.com
*Attorneys for Defendant Muse Coffee Roasters, Inc.*

Dated: New York, New York _____, 2022     SO ORDERED.

_____
J. PAUL OETKEN
United States District Judge

**Exhibit A**

**Agreement**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

SIGNED: _____